WILLIAM WOOD v. THE STATE.

No. 7470. Decided March 21, 1923.

**Seduction—Requested Charge—Chastity.**

Where, upon trial of seduction, defendant requested a special charge appropriately drawn with a view of calling upon the jury to determine whether or not he had had carnal knowledge of the prosecutor while she was chaste, and whether her reliance in submitting to his embraces was

fully upon an unconditional promise of marriage, the same under the facts of the instant case, should have been given, and a refusal to do so is a reversible error. Following Coleman v. State, 71 Texas Crim. Rep., 20, 158 S. W. Rep., 1139.

Appeal from the District Court of Kimble. Tried below before the Honorable J. H. McLean.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Weaver H. Baker,* and *M. E. Blackburn,* for appellant.—Cited: Nolen, 88 S. W., 242; Mulhause v. State, 119 id., 886; Barnes v. State, 39 id., 684; Coleman v. State, 158 id., 1139.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for seduction; punishment fixed at confinement in the penitentiary for a period of two years.

The prosecutrix began keeping company with the appellant in February, 1920. She was seventeen years of age and appellant was thirty-six years old. She became engaged to him about the first of September, 1920. At that time she was staying at the home of her brother. Appellant visited her often after that time. She remained there until April of the following year. The sexual intercourse took place in October. The prosecutrix testified that "William Wood just told me at this time that if I would have sexual intercourse with him, he would marry me." This was about a month after the engagement. He had previously, about the first of October, asked her to have intercourse with him. On cross-examination she testified that it was sometime after they became engaged before she submitted to sexual intercourse but in the meantime the appellant had fondled her person. She said that at the time the act of intercourse occurred marriage was not the only thing that was on her mind.

One of the witnesses on behalf of the appellant testified that in the spring of the year 1921, he was with the prosecutrix at night two or three times; that he hugged and kissed her and felt her breast; that she invited him to come back to see her. Another young man testified that during the spring of 1920, he was also with the prosecutrix on two nights; that he fondled her, hugged and kissed her and felt her breast and legs.

Appellant denied the promise of marriage and the act of intercourse. The evidence showed that subsequent to the time of the alleged offense, both appellant and prosecutrix had married other persons.

Appellant requested a special charge appropriately drawn with the view of calling upon the jury to determine whether or not appellant

had had carnal knowledge of the prosecutrix while she was chaste and whether her reliance in submitting to his embraces was wholly upon an unconditional promise of marriage. The charge is a replica of one that was before the court in the case of Coleman v. State, 78 Texas Crim. Rep., 20, 158 S. W. Rep., 1139, and the facts, so far as they raised the legal question, are not different from those in the instant case. In that case, as in this one, there was testimony of a positive nature to the effect that prior to her alleged relations with the appellant, she had submitted to the fondling of her person and caresses of other male companions which reflected upon her chastity. She denied these but the truth of the testimony was for the jury. The evidence of the prosecutrix that it was not the promise of marriage alone that she had in mind at the time she submitted to the act of sexual intercourse, in connection with the other testimony to which we have adverted, was such as rendered it encumbent upon the court to submit to the jury the issues embraced in the special charge mentioned.

Not being covered by the main charge, the Assistant Attorney General concedes that the error of the court in refusing the special charge was harmful and should result in a reversal of the judgment. With this view we concur.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*